## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JUSTIN WITHERSPOON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 21-CR-30047 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court are Petitioner's Motion to Vacate, Set Aside or Correct a Sentence Pursuant to 28 U.S.C. § 2255 and the Government's Response. (d/e 40, 42). For the following reasons, Mr. Witherspoon's Motion (d/e 40) is DENIED.

On August 18, 2023, Mr. Witherspoon filed a Motion to Vacate (d/e 40) his sentence. Namely, he sought to vacate his plea of guilty and conviction for violation of 18 U.S.C. § 922(g)(1) and his 70 month sentence. (May 23, 2022 Text Order, d/e 40). On October 12, 2023, the Government filed its response to Plaintiff's Motion to Vacate, noting that the Section 2255 motion is untimely and procedurally defaulted. (d/e 42). Additionally, the Government argues 18 U.S.C. §

922(g)(1) is constitutional on its face and as applied to Mr. Witherspoon.

An individual who wishes to challenge his incarceration pursuant to 28 U.S.C. § 2255 is permitted one-year to do so. 28 U.S.C. §2255(a). This one-year period runs from the latest of the date on which the judgment of conviction becomes final or the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(1), (f)(3).

Mr. Witherspoon plead guilty and was sentenced to 70 months imprisonment on May 23, 2022. (May 23, 2022 Text Order). This Court entered judgment on May 27, 2022. (d/e 36). Less than one month later, the Supreme Court issued its opinion in *Bruen* on June 23, 2022. *N.Y. State Rifle Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). Mr. Witherspoon did not file a motion or an appeal of any kind thereafter until his Motion to Vacate (d/e 40), almost 14 months after the Supreme Court's opinion in *Bruen*, which in part forms the basis of his motion.

Mr. Witherspoon does not argue that the statute of limitations should be tolled and provides no evidence that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *Boulb v. United States*, 818 F.3d 334, 339-40 (7th Cir. 2016).

Rather, Mr. Witherspoon admittedly missed the deadline to file his petition pursuant to federal rules and there is no evidence in his motion that the statute of limitations deadline was tolled. Given Mr. Witherspoon's clear failure to file his instant motion within one-year of either the entry of final judgment or entry of the Supreme Court's opinion in *Bruen*, his motion (d/e 40) is DENIED and this Court declines to address the merits of Mr. Witherspoon's *Bruen* arguments.

**IT IS SO ORDERED.**
**ENTERED: December 12, 2023.**
**FOR THE COURT**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**